UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


VERNA DIANNE DICKINSON                                                                       PLAINTIFFS
AND GREGORY DICKINSON

V.                                                                    CIVIL ACTION NO. 1:06cv198-LTS-RHW

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY                              DEFENDANTS
AND NATIONWIDE MUTUAL INSURANCE COMPANY


**ORDER**

      Plaintiffs have filed a [27] Motion for Sanctions arising from a mediation held pursuant to this Court's [17] order.  Plaintiffs not only ask for the imposition of a monetary penalty against Defendants, but they move to strike the admission pro hac vice of one of Defendants' counsel.  Their final prayer is that the Court

> enter an Order pursuant to Rule 37(b)(2)(A) [of the Federal Rules of Civil Procedure] finding that the Plaintiffs had "Hurricane Coverage" in place at the time of Hurricane Katrina and that the limits of all coverage available under the Plaintiffs' policy of insurance is $773,461.98 as shown through the Property Loss Statement produced by the Defendants in this litigation. . . .

      This Court's [17] Order for Mediation made clear that the proceedings "will be subject to Rule 408 of the Federal Rules of Evidence."  It also empowered the mediator to "contact the presiding United States Magistrate Judge as to any issue that must be resolved in the course of the mediation."  Fed. R. Evid. 408 reads:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount.  Evidence of conduct or statements made in compromise negotiations is likewise not admissible.  This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations.  This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Plaintiffs' motion does not cite or otherwise mention F. R. Evid. 408.  The Court is also not aware of the mediator's feeling the need to contact the assigned Magistrate to resolve any issues

in this particular case.

      The failure to reach a settlement in mediation does not translate in this instance into bad faith conduct by Defendants or their counsel in the mediation process.  Given the restrictions of Fed. R. Evid. 408, it is not an appropriate occasion to address the merits of this cause of action or, for that matter, discovery issues.  The relief sought by Plaintiffs is not well taken in any respect.

      Accordingly, **IT IS ORDERED**:

Plaintiffs' [27] Motion for Sanctions is **DENIED**.

**SO ORDERED** this the 18th day of October, 2006.

                                      s/ *L. T. Senter, Jr.*
                                      L. T. Senter, Jr.
                                      Senior Judge