UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**VERNA DIANNE DICKINSON and GREGORY DICKINSON**          **PLAINTIFFS**

**V.**                                                   **CIVIL ACTION NO.1:06CV198 LTS-RHW**

**NATIONWIDE MUTUAL FIRE INSURANCE CO., ET AL.**         **DEFENDANTS**

ORDER GRANTING MOTIONS TO EXCLUDE
TESTIMONY OF TED BIDDY
CONCERNING VALUATION OF INSURED PROPERTY

The Court has before it two motions [105] [116] by Nationwide Mutual Fire Insurance Company and Nationwide Mutual Insurance Company (Nationwide) to exclude the testimony of one of the plaintiffs' experts, Ted L. Biddy (Biddy), concerning the replacement cost of the insured property. Nationwide's motions address only Biddy's replacement cost estimates, and not his qualifications as an engineer or his anticipated engineering testimony.

Nationwide challenges Biddy's proposed testimony on two grounds: 1) that Biddy's proposed testimony concerning reconstruction costs rests on an inadequate foundation under *Daubert*, and 2) that this testimony was disclosed so late in the discovery process that Nationwide has not been afforded a fair opportunity to respond. I agree with Nationwide on both points.

On September 15, 2006, the plaintiffs designated Biddy as an expert in the field of Forensic Engineering. In his original expert report, Biddy included a separate section with his estimated cost for reconstruction of the plaintiffs' insured property. Biddy's estimate of $372,487 was based upon and derived from data and estimates in "R. S. Means published 2006 Residential cost Data for custom 2 story frame/stucco construction." (R. S. M. data)

On April 16, 2007, Nationwide counter-designated Allen Purvis as an expert in real estate valuation.

On August 30, 2007, United States District Judge Halil S. Ozerden entered an order [78] in the case styled *St. Charles Condominium Homeowners Association, Inc. v. Landmark American Insurance Company*, Civil Action No. 1:06cv632 HSO-RHW, prohibiting Biddy from testifying to replacement cost estimates based on the R.S.M. data, the same data Biddy relied upon in this case for his original replacement cost estimate. After conducting a *Daubert* hearing, Judge Ozerden ruled that the R. S. M. data was not sufficiently specific to the facts of that case to support Biddy's proposed testimony. Biddy was in other respects qualified as an expert and permitted to testify

on engineering matters including the cause of damage to the insured property and other wind versus water issues.

On December 7, 2007, plaintiffs filed a Supplemental Designation of Experts [103] replacing Biddy's original replacement cost estimate ($372,487) with a new estimate of $705,259. This supplementation was done only two business days before Biddy's deposition had been scheduled and only one week before the discovery deadline. During his deposition Biddy testified that his revised estimate was based on conversations with Carl Hamilton, a contractor working on the Mississippi Gulf Coast.

Uniform Local Rule 26.1(A)(2)(e) provides that "[a] party is required to supplement an expert's opinion in accordance with F. R. Civ. P. 26(e)." Uniform Local Rule 26.1(A)(2)9c) states, in relevant part, that "[t]he court will allow the subsequent designation and/or discovery of expert witnesses only upon a showing of good cause."

Biddy's supplemental report uses a cost of $150 per square foot as the starting point in his calculations. His report indicates that this $150 per square foot figure is derived entirely from Biddy's discussion with "several local contractors." He identifies only one individual "local house builder," Carl B. Hamilton, who supplied the key figure of $150 per square foot. From this starting point Biddy applies no expertise; he merely makes an arithmetic calculation multiplying 3,646 square feet by this $150 base cost to arrive at the figure of $546,900 to which he adds $66,369 in amenities and $91,990 in "Contractor's 15% Overhead and Profit" to arrive at this total of $705,259.

In my opinion, Biddy's proposed testimony does not meet the requirements of *Daubert*. A conversation with only a single identified local builder is simply not sufficient to demonstrate that Biddy's cost estimate has any validity. Nor am I satisfied with the timing of Biddy's supplemental report. In light of Judge Ozerden's ruling on the use of the R. S. M. data, I can understand the plaintiffs' need to make appropriate adjustments in their trial strategy and the evidence they wish to present. Had the plaintiffs applied to the Court, I would likely have considered this good cause to allow a timely and orderly supplementation of Biddy's original report *with* an appropriate extension of the discovery deadline to allow Nationwide to respond as necessary in light of any new evidence the plaintiffs then disclosed. But I do not believe the filing of a "supplemental report" that nearly doubles Biddy's original replacement cost estimate with the scant disclosure concerning the facts Biddy relies upon is fair to Nationwide. The timing of the "supplementation" is very troublesome in that it comes only a short time before Biddy's scheduled deposition and the close of discovery. Both the timing and the substance of Biddy's supplemental report support my conclusion that Nationwide has not had a full and fair opportunity to meet Biddy's proposed reconstruction cost testimony, and that testimony will therefore be excluded.

Accordingly, I will not permit Biddy to testify concerning the reconstruction costs for the plaintiffs' insured property.

**DECIDED** this 24th day of June, 2008.

                                                                         s/ L. T. Senter, Jr.  
                                                                         L. T. SENTER, JR.  
                                                                         SENIOR JUDGE

Case 1:06-cv-00198-LTS-RHW   Document 222   Filed 06/24/08   Page 3 of 3