**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**VERNA DIANNE DICKINSON and GREGORY DICKINSON**               **PLAINTIFFS**

**V.**                                              **CIVIL ACTION NO.1:06CV198 LTS-RHW**

**NATIONWIDE MUTUAL FIRE INSURANCE CO., ET AL.**               **DEFENDANTS**

**ORDER GRANTING MOTION *IN LIMINE* TO EXCLUDE EVIDENCE
IN SUPPORT OF PLAINTIFFS' CLAIM FOR ADDITIONAL LIVING EXPENSES**

Defendant Nationwide Mutual Fire Insurance Company and Nationwide Mutual Insurance Company (Nationwide) have moved *in limine* [158] to exclude evidence, testimony, or argument concerning the plaintiffs' claims for Coverage D–Loss of Use (also described by the parties as coverage for "Additional Living Expenses"). Nationwide asserts that it has paid 100% of the additional living expenses the plaintiffs submitted under the terms of the policy following Hurricane Katrina.

The policy provides:

> *COVERAGE D – LOSS OF USE*
> *We cover, subject to the coverage limit which is the total limit, all of the following:*
> 1.  **Additional Living Expense**. *If a covered loss requires you to leave the residence premises, we will pay the required increase in living expenses you incur to maintain your normal standard of living. Payment will be for the shortest time required to repair or replace the premises; or, if you permanently relocate, for the shortest time required for your household to settle elsewhere. Payment will not exceed the limit of liability shown on the Declarations or 12 months, whichever occurs first. This period of time is not limited by the end of the policy period;*
>                                * * *
> *No deductible applies to this coverage.*
>                                * * *
> *Property Conditions*
> *(Section 1)*
>                                * * *
> 3.  *Your duties after Loss. In case of loss, you must:*
>                                * * *
> d)  *submit to us, within 60 days after we request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:*
>                                * * *
>     (7)  *receipts for additional living expenses . . . .*

An August 10, 2007, letter to plaintiffs' counsel indicates that Nationwide paid $9,266.26 for the plaintiffs' additional living expenses, and I understand this figure is not in dispute.  Nationwide paid the plaintiffs $2,500 on September 16, 2005, and an additional $6,766.26 in February, 2006.  This August 10, 2007, letter was sent with additional payments for property damage.  Nationwide tendered these payments to the plaintiffs unconditionally and under a reservation of its right to contest whether these payments or any additional payments are or were due.  This letter also states: "Further, this [enclosed] payment does not address any uncompensated additional living expenses the Dickinsons may have incurred as a result of the damage to their property because the Dickinsons have not yet provided a copy of receipts for such uncompensated living expenses.  If the Dickinsons provide this information, Nationwide will consider it in evaluating whether additional payments should be made as a result of damage to their property." (Exhibit Three to Nationwide's Motion In Limine No. 8)

Nationwide propounded a Request for the Production of Documents that included this request: "Request for Production No. 18:  Produce all documents related to any item of expense that you contend should be a covered loss under your Nationwide Homeowner's policy." (Exhibit Four to Nationwide's Motion In Limine No. 8).

In order to make a claim for additional living expenses, the Nationwide policy requires that the plaintiffs submit a "signed, sworn proof of loss which sets forth" "receipts for additional living expenses."  Unless and until the plaintiffs submitted these documents in support of their claim for additional living expenses, Nationwide has not been afforded a fair opportunity to consider the merits of this part of the plaintiffs' claim.  If the plaintiffs have not met these two requirements, they will not be permitted to put on evidence in support of their claim for additional living expenses.

Plaintiffs contend that despite Nationwide's payments of their claim for additional living expenses, they should be permitted to prove the circumstances in which the payments were made.  I find this argument unpersuasive.  Nationwide has paid $9,266.66 under the policy coverage for additional living expenses, whether under a reservation of rights or not.  If the plaintiffs have not submitted the documentation required by the policy to establish a greater claim, this portion of the policy coverage is no longer in dispute.

**DECIDED** this 24th day of June, 2008.

> s/ L. T. Senter, Jr.
> L. T. SENTER,JR.
> SENIOR JUDGE