UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**VERNA DIANNE DICKINSON and GREGORY DICKINSON**          **PLAINTIFFS**

**V.**                                    **CIVIL ACTION NO.1:06CV198 LTS-RHW**

**NATIONWIDE MUTUAL FIRE INSURANCE CO., ET AL.**          **DEFENDANTS**

<u>**ORDER GRANTING MOTION *IN LIMINE* TO EXCLUDE EVIDENCE
IN SUPPORT OF PLAINTIFFS' CLAIM FOR DEBRIS REMOVAL EXPENSES**</u>

Defendant Nationwide Mutual Fire Insurance Company and Nationwide Mutual Insurance Company (Nationwide) have moved *in limine* [159] to exclude evidence, testimony, or argument concerning the plaintiffs' claim for the expenses they incurred in removing debris from their property following Hurricane Katrina.  Nationwide contends that the plaintiffs have not perfected a claim for debris removal by submitting evidence of having incurred expenses of this type.

The policy provides:

*Additional Property Coverages*
*These additional property coverage are subject to the policy deductible except as noted.  In no event will the deductible be applied more than once to any one loss.*
1.  ***Debris Removal**. We will pay reasonable expenses you incur removing debris of covered property, if the peril causing the loss is covered.  This includes debris of trees that cause damage to covered property or covered structures, or that obstruct access to covered structures if such access is necessary to repair or replace the structure.  We will pay only to move away from, or off of, covered property or covered structures, the debris of trees that cause damage to covered property or restrict access.  An additional five (5) percent of the limit of liability for the damaged property will be available when the amount payable for the property loss plus the debris removal expenses exceeds the limit of liability.*

\*   \*   \*

*Property Conditions*
*(Section 1)*
                                                  \*   \*   \*
3.      Your duties after Loss.  In case of loss, you must:
                                                  \*   \*   \*
d)      submit to us, within 60 days after we request, your signed, sworn proof of loss . . . .

  Nationwide propounded a Request for the Production of Documents that included this request: "Request for Production No. 18:  Produce all documents related to any item of expense that you contend should be a covered loss under your Nationwide Homeowner's policy." (Exhibit Four to Nationwide's Motion *In Limine* No. 8). Plaintiffs responded: "Response: Plaintiffs have produced a [sic] engineering report and independent adjusters report that may contain information to [sic] this request."

  Unless the plaintiffs have submitted a proof of loss that substantiates their claim for debris removal expenses, Nationwide has not been afforded a fair opportunity to consider the merits of this part of the plaintiffs' claim.  If the plaintiffs have not met this requirement, they will not be permitted to put on evidence in support of their claim for debris removal expenses. If the plaintiffs have not submitted the documentation required by the policy to establish a claim for the expenses they incurred in debris removal, this portion of the policy coverage is no longer in dispute.

  **DECIDED** this 24th day of June, 2008.

                s/ L. T. Senter, Jr.
                L. T. SENTER,JR.
                SENIOR JUDGE