UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

VERNA DIANNE DICKINSON                                                                PLAINTIFFS
AND GREGORY DICKINSON

V.                                                                CIVIL ACTION NO. 1:06cv198-LTS-RHW

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY                          DEFENDANTS
AND NATIONWIDE MUTUAL INSURANCE COMPANY

## ORDER

There are numerous pending motions *in limine* filed by the respective parties.  This order addresses the following (the two Defendants will be referred to as Nationwide):

1.  Nationwide's [151] request to exclude evidence, testimony or argument that Plaintiffs' property was destroyed solely by wind is **GRANTED**.  Nationwide's position is based on this Court's [145] Memorandum Opinion and [146] Order granting in part and denying in part Nationwide's [118] motion for judicial estoppel.  In its order, the Court stated: "The motion is **GRANTED** as to the question whether the insured property experienced damage to some extent caused by storm surge flooding.  Plaintiffs are estopped from denying that the insured property experienced damage to some extent from the effects of storm surge flooding.  This estoppel is based on the plaintiffs' representations in their application for a homeowners assistance grant through the Mississippi Development Authority."  As pointed out in the [145] opinion (at p. 6): "Nationwide asserts that the application for this flood damage grant and the receipt of the grant itself is an admission by the plaintiffs that their dwelling sustained flood damage and that the destruction of the property was not *solely* caused by the peril of windstorm.  To this extent, Nationwide's point is well taken.  I agree with Nationwide's contention that the plaintiffs' grant application and the receipt of the grant itself constitutes an admission that some of the damage to the plaintiffs' home was caused by flooding."  Nationwide also argues that Plaintiffs' expert Ted Biddy should not be allowed to testify to his opinion, given in his deposition, that "the house was completely destroyed by the winds before the water got there," i.e., that there was no flood damage to the Plaintiffs' dwelling.  Given the Court's ruling on the estoppel issue, this claim will likewise be disallowed.

2.  Nationwide's [152] request to limit evidence, testimony, or argument to claims asserted in Plaintiffs' original complaint is **GRANTED IN PART** and **DENIED IN PART**.  The original [1] Complaint is consistent with the general rules of pleading dictated by Fed. R. Civ. P. 8 in that it contains "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  As the Magistrate pointed out in his [57] order denying Plaintiffs' motion to file a second amended complaint (which would have added a non-diverse party almost a year

after institution of the lawsuit), the proposed first amended complaint (which was allowed but for some reason was never filed) was "essentially 'a fleshing out' of the allegations of the original complaint." Plaintiffs make the standard allegations as in most cases founded upon breach of an insurance contract: that the Defendants refused to pay benefits for covered losses, and that the denial was the result of a failure to properly investigate the claim and was accomplished without a legitimate or arguable reason such that an independent tort was committed. Fed. R. Civ. P. 8 also makes it clear that technical forms of pleading are not required and that substantial justice is the rule of construction for all pleadings. While Plaintiffs will be allowed to pursue their basic tortious breach of contract claim, the Court agrees with Nationwide that they will not be entitled to offer evidence of or recover damages for negligent or fraudulent misrepresentation and failure to procure coverage. The original complaint is broad enough to allow Plaintiffs to offer proof as to damages for mental anguish and emotional distress.

     3.  Nationwide's [153] request to exclude evidence, testimony, or arguments relating to claims other than Plaintiffs' own claims against Nationwide is **GRANTED IN PART** and **DENIED IN PART**. Nationwide expects Plaintiffs to attempt to introduce testimony or evidence relating to the treatment of claims submitted by third parties (including those covered by different insurance companies). Such evidence may pose the danger of confusion of the issues, which may tend to mislead the jury and would otherwise cause delay and waste time. Fed. R. Evid. 403. However, to the extent that the Court has also allowed discovery in other cases for losses that occurred to neighboring properties that are also covered by a Plaintiff's insurer, in this case Nationwide, then that evidence may be relevant.

     4.  Nationwide's [154] request to exclude testimony from the named Plaintiffs about their personal interpretation of policy provisions and Mississippi law is **GRANTED**. This Court has ruled consistently that testimony, whether expert or lay, concerning the interpretation of policy provisions or legal principles is not appropriate. The interpretation of policy provisions is an issue of law and is within the province of the Court, not the jury. Of course, Plaintiffs will be allowed to introduce factual evidence concerning the manner in which Nationwide handled this claim, keeping in mind that the Court will instruct the jury on the applicable law.

     5.  Nationwide's [155] request to exclude evidence, testimony, or argument relating to Mississippi Department of Insurance (MDI) Bulletins and related correspondence is **GRANTED IN PART** and **DENIED IN PART**. This Court has also determined on a consistent basis that MDI bulletins and related correspondence are not admissible unless the Defendants responded to them in one manner and acted in another, or unless the Defendants raise reliance or actually relied on the MDI bulletins for any purpose.

     6.  Nationwide's [156] request to exclude evidence, testimony, or argument relating to Option K coverage is **GRANTED**. Option K is entitled "Replacement Cost Plus (Dwelling) (Increased Coverage A Limit)." In order for this coverage to be triggered, Plaintiffs must actually and necessarily spend an amount in excess of the dwelling limit of liability to repair or replace the covered dwelling. This has not occurred, and to allow recovery for such benefits would nullify the clear and unambiguous terms of the subject insurance policy.

7. Nationwide's [160] request to exclude evidence, testimony, or argument concerning public adjusters and the Alliance Consulting Group, LLC (Alliance) damage estimate is **CONDITIONALLY DENIED**, pending a witness being called to sponsor the report. Alliance is a public adjusting firm retained by Plaintiffs to assist in their claim with Nationwide. While Alliance's efforts were ultimately unsuccessful on Plaintiffs' behalf, its report was submitted to Nationwide and is in the claim file maintained on Plaintiffs' loss. The mere fact of this inclusion does not make it admissible.

8. Nationwide's [161] request to exclude Plaintiffs' use of a second, supplemental 30(b)(6) deposition taken in a separate action is **HELD IN ABEYANCE** pending a ruling by the Court on the admissibility of testimony offered and objected to by the respective parties in the Joint Pretrial Order.

9. Nationwide's [162] request to establish a jury questionnaire is **DENIED**. The Court has already addressed this issue with its own questionnaire and acted consistent with its past practice of summoning a jury. Counsel for the parties will be allowed to conduct extensive *voir dire* within reasonable limits.

10. Nationwide's [163] request to bifurcate trial proceedings is **GRANTED IN PART** and **DENIED IN PART**. This case will be tried in accordance with Mississippi law as to bifurcation with respect to the coverage claim, on the one hand, and punitive/extra-contractual damages, on the other. Counsel may make statements at the beginning of each phase that is held. Plaintiffs will be allowed to address the issue of punitive/extra-contractual damages in *voir dire* subject to further direction from the Court.

11. Plaintiffs' [171] request to exclude evidence of Mississippi Development Authority (MDA) grant application details and the amount of the MDA grant is **GRANTED IN PART** and **DENIED IN PART**. As Defendants did in motion [151] discussed *supra*, Plaintiffs also rely on this Court's [145] opinion which held, *inter alia*, that "Nationwide's obligations under its homeowners policy are not offset or reduced by the amount of the MDA grant, nor does the grant reduce the plaintiffs' total loss in the same way as a flood insurance recovery." (p. 8) This Court went on to describe the effect of the Plaintiffs' having applied for and accepted the MDA grant. The award and receipt of the grant is a matter between Plaintiffs and MDA, which may be affected by any damages Plaintiffs may receive in this cause of action. However, except for the fact that Plaintiffs, as part of the grant process, admitted that their dwelling sustained flood damage, any other element of the MDA grant process is not admissible as evidence. The probative value of such evidence is substantially outweighed by confusion of the issues or misleading the jury. Fed. R. Evid. 403.

**SO ORDERED** this the 24th day of June, 2008.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE