UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**VERNA DIANNE DICKINSON and GREGORY DICKINSON**             **PLAINTIFFS**

**V.**                                        **CIVIL ACTION NO.1:06CV198 LTS-RHW**

**NATIONWIDE MUTUAL FIRE INSURANCE CO., ET AL.**             **DEFENDANTS**


### ORDER OVERRULING MOTION *IN LIMINE* TO EXCLUDE DOCUMENTS NATIONWIDE DID NOT PRODUCE DURING DISCOVERY

Plaintiffs have moved the court *in limine* [165] to exclude fourteen specific documents from evidence on the grounds that Nationwide did not produce these documents during the discovery process.  My review of the documents indicates that all except two of them are government publications.  The exceptions are an engineering standard (DX-61) and a DVD of unknown origin (DX-59).

I do not know what the government publications, the engineering standard, or the DVD may be offered to prove, but I do not believe they are subject to exclusion on the grounds relied upon by the plaintiffs.  Plaintiffs contend that the admission of these documents would result in a "trial by ambush."  Plaintiffs have not identified any specific requests for production of documents or other discovery requests that cover these documents.  As far as the state and federal government publications are concerned, these documents are as available to the plaintiffs as they are to the defendants, and absent a discovery request that would require Nationwide to identify these publications, there is no requirement that they be identified or produced during the discovery process.

I am going to infer that the engineering standard is relevant to the calculations and opinions of one or more of Nationwide's expert witnesses.  I will follow my normal rule for expert testimony: an expert or a party may not use evidence (demonstrative or otherwise) to illustrate or explain the party's expert's opinions unless the expert disclosed his reliance on that evidence in his report (or in his deposition if one was taken).

I have not seen the challenged DVD, and I do not know what relevance it may have to the issues in dispute.  It has been my policy not to allow the use of photographs or video of the storm unless the party offering this material can establish that it depicts conditions substantially similar to those that occurred at or near the insured property.  I will follow this rule, and, if Nationwide cannot meet this requirement, the DVD will be subject to exclusion.

Motion [165] **DENIED**.

**DECIDED** this 24th day of June, 2008.

              s/ L. T. Senter, Jr.
              L. T. SENTER, JR.
              SENIOR JUDGE