UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**VERNA DIANNE DICKINSON and GREGORY DICKINSON**          **PLAINTIFFS**

**V.**                                          **CIVIL ACTION NO.1:06CV198 LTS-RHW**

**NATIONWIDE MUTUAL FIRE INSURANCE CO., ET AL.**          **DEFENDANTS**


### ORDER GRANTING MOTION *IN LIMINE* TO EXCLUDE FLOOD ELEVATION SURVEY (EXHIBIT DX-98)

Plaintiffs have moved the court *in limine* [164] to exclude a flood elevation survey identified as Nationwide's Exhibit DX-98.  Plaintiffs object to the introduction or use of this document for two reasons: 1) Plaintiffs assert that the exhibit is inaccurately labeled in a way that suggests it was produced by the Federal Emergency Management Administration (FEMA), in turn suggesting that the information it reflects is reliable and unbiased; and 2) Plaintiffs contend that the document "was unlawfully created" in violation of Mississippi statutes that require surveys to be done under the supervision of a professional surveyor licensed by the state of Mississippi.

The Nationwide exhibit list identifies Exhibit DX-98 as "FEMA National Flood Insurance Program Elevation Certificate, Form 81-31."  The information incorporated into this document was obtained by a private surveyor employed by Nationwide, and the document indicates that it is certified by Mr. Donald Rowe.  Mr. Rowe's stamp indicates that he is a Professional Land Surveyor licensed by the state of Alabama and that he is a representative of Rowe Surveying and Engineering Company, Inc., 3765 Cottage Hill Road, Mobile, Alabama.

I do not yet understand why this private survey was incorporated into a FEMA flood elevation certificate.  The purpose of this certificate is to provide information for the purchase of a standard flood insurance policy under the National Flood Insurance Act.  The form used to create this states: "Dwelling destroyed by hurricane. Slab remains." It is readily apparent to me that this form was not used for the purpose of applying for flood insurance, and I cannot discern a valid reason for its use other than to give the appearance that it is an official government document.  I cannot see any reason the information in this document could not be incorporated into a document that does not create the risk that the jury will misunderstand the source of the information and the reason it was obtained.  While I am unwilling to allow the admission of this document in its present form, I do not believe the information the document contains should be subject to exclusion from evidence, by stipulation if the accuracy of the information is not contested or by the testimony of a qualified witness if there is a genuine dispute concerning this information.

  According to the plaintiffs, Mr. Rowe was not present at the plaintiffs' property when the elevation survey was done on October 30, 2006.  Nationwide used the services of Cecil "Zeke" Hudson and Robert Sargent to survey the plaintiffs' property, again, according to the plaintiffs.  I cannot determine, on the record before me, what relationship exists between Messrs. Hudson and Sargent vis-à-vis Mr. Rowe and his firm.  Likewise, I do not have any information in the record that would enable me to make a valid finding whether this survey was done under Mr. Rowe's supervision.  Nor can I tell whether this firm has obtained the certificate of authority required by Miss. Code Ann. §73-13-105.  The plaintiffs' motion does not address the qualifications of Messrs. Hudson and Sargent.

  This exhibit is hearsay if it is offered to prove the truth of the matters asserted in it, and the person who performed the survey must be present and subject to cross examination unless some exception to the rule against hearsay evidence can be shown to apply. *Mississippi State Highway Com's v. Viverette*, 529 So.2d 896, 901-02 (Miss.1998)  *White v. Usry*, 800 So.2d 125, 130 (Miss.App.2001).  I will grant the motion *in limine* without prejudice to the right of Nationwide to submit the information contained in this exhibit through the testimony of a qualified witness or by stipulation of the parties.

  This motion [164] is **GRANTED**.

  **DECIDED** this 24th day of June, 2008.

            s/ L. T. Senter, Jr.
            L. T. SENTER, JR.
            SENIOR JUDGE