UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**VERNA DIANNE DICKINSON and GREGORY DICKINSON**          **PLAINTIFFS**

**V.**                                               **CIVIL ACTION NO.1:06CV198 LTS-RHW**

**NATIONWIDE MUTUAL FIRE INSURANCE CO., ET AL.**          **DEFENDANTS**

### ORDER DENYING MOTION *IN LIMINE* TO EXCLUDE CONTENTS OF AND REFERENCES TO THE JOHN FRENCH AGENT FILE

Plaintiffs have moved the court *in limine* [175] to exclude from evidence the contents of the John French Agent File (JFAF) and any reference or testimony concerning the contents of this file. The file is Exhibit One to this motion.

My perusal of this exhibit reveals no entry that is probative of any issue in dispute. The file contains many references to the Mississippi Windstorm Underwriting Association, commonly known as the Wind Pool. By prior ruling [145] I have determined that evidence of payments made by Audubon Insurance Company (the plaintiffs' carrier for windstorm coverage obtained through the Wind Pool) will be excluded from evidence.

At the pre-trial conference, Nationwide disclosed its intention to use the JFAF in connection with a disputed conversation between Plaintiff Verna Dickinson and Nationwide's local agent John French. Mrs. Dickinson contends she had an extensive conversation with Mr. French concerning her Nationwide coverage, and Mr. French denied this conversation ever took place. The claims file does not contain a reference to this conversation, and Nationwide asserts that the claims file is therefore relevant as support for Mr. French's testimony on this point and indirect impeachment of Mrs. Dickinson's testimony.

While I am reluctant to allow the introduction of the JFAF because of its references to the Audubon/Wind Pool policy, I believe Nationwide has made a cogent argument for its admission. I will therefore allow the use of the JFAF only for the purpose Nationwide has asserted. I will craft a jury instruction concerning other insurance coverage for damage to the insured property.

Motion [175] is **DENIED**.

**DECIDED** this 26th day of June, 2008.

               s/ L. T. Senter, Jr.
               L. T. SENTER, JR.
               SENIOR JUDGE