**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**VERNA DIANNE DICKINSON and GREGORY DICKINSON**              **PLAINTIFFS**

**V.**                                                    **CIVIL ACTION NO.1:06CV198 LTS-RHW**

**NATIONWIDE MUTUAL FIRE INSURANCE CO., ET AL.**              **DEFENDANTS**

**ORDER GRANTING MOTION *IN LIMINE* TO EXCLUDE**
**AUDUBON INSURANCE COMPANY'S WINDSTORM POLICY**

Plaintiffs have moved the court *in limine* [166] to exclude from evidence the insurance policy covering plaintiffs' residence issued by Audubon Insurance Company through the Mississippi Windstorm Underwriting Association.

By prior ruling [145] I have determined that evidence of payments made by Audubon Insurance Company (the plaintiffs' windstorm coverage obtained through the Wind Pool) will be excluded from evidence.  In accordance with my prior ruling the Audubon Insurance Company policy will also be excluded from evidence.  I will grant this motion.

It is clear to me that Nationwide made a unilateral mistake in adding the hurricane endorsement to its policy.  It is also clear to me that this mistake results in Nationwide's having windstorm coverage for the plaintiffs' property.  Nationwide appears to be taking the position that it should be free to use the plaintiffs' Audubon policy to show: a) that the plaintiffs knew their original Nationwide policy excluded coverage for wind damage, and b) that the plaintiffs are taking unfair advantage of Nationwide's error by insisting on performance of the contract as it existed on the day the insured property was destroyed.  The former point is irrelevant, since Nationwide admits that the addition of the hurricane endorsement, even in error, has the legal effect of modifying the policy to grant windstorm coverage.  Plaintiffs' motives for purchasing the Audubon policy and their knowledge of the terms of the Nationwide policy before the hurricane endorsement was added have no relevance to the facts currently in dispute, i.e. the extent of windstorm damage payable under the Nationwide policy.  The plaintiffs are exercising their legal rights under the contract that was in force at the time of their loss.  The Audubon policy cannot be introduced into evidence for either of the purposes Nationwide proposes.

This motion [166] will be **GRANTED.**

**DECIDED** this 26th day of June, 2008.

s/ <u>L. T. Senter, Jr.</u>
L. T. SENTER, JR.
SENIOR JUDGE