**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**VERNA DIANNE DICKINSON and GREGORY DICKINSON            PLAINTIFFS**

**V.                                           CIVIL ACTION NO.1:06CV198 LTS-RHW**

**NATIONWIDE MUTUAL FIRE INSURANCE CO., ET AL.            DEFENDANTS**

**ORDER GRANTING MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF
THE INFLATION ADJUSTMENT PROVISIONS IN THE PLAINTIFFS' POLICY**

Defendants Nationwide Mutual Fire Insurance Company and Nationwide Mutual Insurance Company (Nationwide) have moved *in limine* [157] to exclude evidence, testimony, or argument relating to the inflation adjustment provisions of the plaintiffs' homeowners policy.  Nationwide contends that the inflation adjustment should be made using a formula based on the date the insured loss occurs.  Plaintiffs contend that the inflation adjustment should be made using a formula based on the date the claim is paid.

The policy provides:

*Inflation Protection Coverage.  If the Declarations show this coverage applies, we will adjust the limit of liability on the Declarations for Section I–Coverage.  The limit of liability will change as the appropriate Index, shown on the Declarations, changes.*

*We will compare the latest available Index to the Index as of the effective date of this policy.  We will adjust the limit of liability by the percentage change in the Index.  It is further agreed that the premium for this policy at the next available anniversary date shall be for the adjusted limits of liability.*

*If you request a change in the dwelling limit of liability, the effective date of this coverage will be amended to the effective date of that change.*

*This coverage will not reduce our limit of liability during the current policy period below that for which premium has been paid.*

Fortunately, there is no dispute about most of the formula.  The parties agree that the source of the figures for the inflation Index are found by reference to quarterly publications by the firm of Marshall Swift Boeckh (MSB).  Thus the parties agree on the starting point (the Index number on the date the policy was issued for 2005) and they agree on the source of the comparison number that must be used to arrive at the proper Index figure.  They disagree on the date on which the comparison number should be selected and the comparison made.

The difference is not inconsequential.  According to the plaintiffs, the difference can be as much as 15% or as little as 3% of the coverages to which this inflation provision applies.

This is an issue of contract interpretation the Court must decide as a matter of law, and the governing law I must apply is that of Mississippi.  I have found no Mississippi statute or decision addressing this specific provision in question.

Generally, however, the interpretation of an insurance contract requires the application of rules unique to that particular type of agreement only where there is an ambiguity.  The unambiguous terms of an insurance policy are to be enforced as written, Policy provisions are to be given reasonable interpretations and harmonized if possible.  If there is an ambiguity in the policy language, the interpretation most favorable to the insured must be adopted.  *Progressive Gulf Ins. Co. v. We Care Day Care Center*, 953 So. 2d 250 (Miss.App.2006).

In considering this Inflation Protection Coverage provision, I note that the date of loss is not specified as the date the comparison number is to be ascertained.  Neither is the date of payment specified.  The only time period specified in the policy language is the anniversary date of the policy.  Under this provision, the limits of liability are to be adjusted for inflation, based on this index, annually.  I believe that the contract requirement of an annual adjustment makes the appropriate date for making the inflation adjustment in this case the anniversary date of the plaintiffs' policy.  The jury will be instructed as a matter of law as to the applicable coverage limits.

Accordingly, this motion [157] is **GRANTED**.

**DECIDED** this 26th day of June, 2008.

                                              s/ L. T. Senter, Jr.
                                              L. T. SENTER,JR.
                                              SENIOR JUDGE