UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**VERNA DIANNE DICKINSON and GREGORY DICKINSON**          **PLAINTIFFS**

**V.**                                                          **CIVIL ACTION NO.1:06CV198 LTS-RHW**

**NATIONWIDE MUTUAL FIRE INSURANCE CO., ET AL.**          **DEFENDANTS**

### ORDER GRANTING MOTION *IN LIMINE* TO EXCLUDE PLAINTIFFS' USE OF 30(b)(6) DEPOSITION TAKEN IN A SEPARATE ACTION

The Court has before it the motion [161] of Nationwide Mutual Insurance Company and Nationwide Mutual Fire Insurance Company (Nationwide) seeking the exclusion of the 30(b)(6) deposition of Charles Higley (Higley) taken in *Jones v. Nationwide Mut. Fire Ins. Co.*, No. 1:06cv978.  Higley was the Nationwide designee in both the *Jones* case and the case at bar.  During both cases, Higley was examined concerning the inflation protection provisions of Nationwide's homeowners policies.

Higley is identified as a "will call" witness for the trial of this matter.  Plaintiffs wish to offer portions of his deposition from the *Jones* case directly into evidence, reserving the right to also call Higley as a live witness.  Plaintiffs rely on F.R.Civ.P. 32(a)(2), which allows an adversary to use the deposition of a party for any purpose.  Nationwide objects on the grounds that the deposition the plaintiffs seek to introduce was taken after discovery was closed in this case.

F.R.Civ.P. 32(a)(3) establishes the requirements for the introduction of deposition testimony directly into the record, i.e. for the introduction of deposition testimony not used for purposes of impeachment under F.R.Civ.P. 32(a)(1). The first four of the subsections governing the use of deposition testimony refer to circumstances in which the deponent is not available as a live witness at trial.  The fifth subsection applies in "exceptional circumstances."  These provisions limit the use of deposition testimony at trial. *Jauch v. Corley*, 830 F.2d 47 (5th Cir.1987).

Because Higley will be in attendance at trial, I do not find that the exceptional circumstances required to allow the direct admission of his deposition testimony into evidence have been established by the plaintiffs, who have the burden of proof on this issue. See *Fuller v. U.S.*, 2002 WL 291122 (E.D.La.).  I will not in any way limit the plaintiffs' right to use Higley's deposition for impeachment purposes, but neither will I allow the introduction of Higley's deposition without his being called to the stand.

This motion [166] is **GRANTED**.

**DECIDED** this 26th day of June, 2008.

              s/ L. T. Senter, Jr.
              L. T. SENTER, JR.
              SENIOR JUDGE