UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**VERNA DIANNE DICKINSON and GREGORY DICKINSON      PLAINTIFFS**

**V.                                          CIVIL ACTION NO.1:06CV198 LTS-RHW**

**NATIONWIDE MUTUAL FIRE INSURANCE CO., ET AL.       DEFENDANTS**

## ORDER GRANTING IN PART AND DENYING IN PART
## PLAINTIFFS' MOTION *IN LIMINE* FOR RECONSIDERATION
## OF THE RULING [226] CONCERNING PLAINTIFFS' MOTION [165] TO EXCLUDE
## DOCUMENTS NATIONWIDE DID NOT PRODUCE DURING DISCOVERY

The Court has before it the plaintiffs' motion [232] to reconsider its ruling [226] on Plaintiffs' motion in limine [165] to exclude fourteen specific documents from evidence on the grounds that Nationwide did not produce these documents during the discovery process. I denied the original motion [165] primarily because the plaintiffs had not identified the specific discovery requests and responses upon which they rely to support their argument for exclusion. Plaintiffs have now submitted, in support of their motion for reconsideration, the discovery requests that they contend should have elicited responses from Nationwide identifying these twelve documents. Plaintiffs have submitted this supporting material without specifying which request for production or interrogatory applies to each of the challenged documents. I am therefore unable to grant the plaintiffs' motion at this time. My denial of this motion will be without prejudice to the plaintiffs' right to renew their objection at such time as any of the challenged exhibits are offered into evidence, but any such objection must be made with reference to a specific discovery request.

My ruling on the motion *in limine* [155] to exclude the introduction of bulletins disseminated by the Mississippi Department of Insurance will apply to four of the challenged documents (Exhibits DX-37, DX-38, DX-39, and DX-62). The first three of these documents were bulletins issued in 1997, and I do not presently see the relevance of these three documents to the issues in this law suit. The last document concerns additional payments Nationwide made during June 2007. I am doubtful of this document's relevance, also, but I will reserve a ruling on its admissibility until such time as it is offered into evidence.

I will exclude four of the exhibits identified in the plaintiffs' motion, but not for the reason relied upon by the plaintiffs. Exhibit DX-41, a FEMA bulletin entitled "Why You Need Flood Insurance"; Exhibit D-46, a 1998 report on storm surge flood damage along the Mississippi Gulf Coast; Exhibit DX-47, a Mississippi Emergency Management Administration (MEMA) bulletin concerning flood insurance; and DX-48 a FEMA bulletin

entitled "Hurricane Threats" dated October 22, 2004, will be excluded because these documents are not relevant to any fact in dispute.  The issue of whether the plaintiffs should have purchased flood insurance is not part of this litigation.  Nor is the question whether the plaintiffs should have had more or different insurance coverage than was actually in place on the date of loss, August 29, 2005.  Therefore, these three exhibits are not relevant to the question at the heart of this case, i.e. the extent of wind damage to the insured property.

     I will still reserve my ruling on DX-59, a DVD entitled "Hurricane Katrina America's Costliest Storm"; DX-60 FEMA Summary Report on Building Performance; DX-61 ASCE Standard, Minimum Design Loads for Buildings and Other Structures; DX-66 Federal Housing Enterprise Oversight publication regarding changes in the prices of homes; DX-84 FEMA Mitigation Assessment Team Report; and DX-99 FEMA Recommended Residential Construction for the Gulf Coast Building on Strong and Safe Foundations will be permitted if each document is properly sponsored and has been disclosed as part of an expert's opinion.  Exhibits D-84 and D-99 are massive government reports that touch on many hurricane-related issues.  These documents are hearsay without a sponsoring witness, and even with a sponsoring witness I would not be inclined to admit these documents without a showing that specific portions of them are relevant to the wind/water issue at the center of the merits of this action.

     The plaintiffs' motion [232] for reconsideration is **GRANTED IN PART**, and Exhibits D-41, D-46, D47, and D-48 will be excluded from evidence, and **DENIED IN PART**, as to the other exhibits identified in the motion.

     **DECIDED** this 26th day of June, 2008.

                                                        s/ L. T. Senter, Jr.
                                                        L. T. SENTER, JR.
                                                        SENIOR JUDGE